

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | NO. 3:22-00126 |
| v.  ) | |
| ) | 18 U.S.C. § 2 |
| ) | 21 U.S.C. § 841(a)(1) |
| [1] STEVEN WEAVER  ) | 21 U.S.C. § 846 |
| [2] JAMIE WOODS  ) | |

# INDICTMENT

THE GRAND JURY CHARGES:

Beginning not later than on or about March 1, 2019, the exact date being unknown to the Grand Jury, through on or about October 18, 2019, in the Middle District of Tennessee and elsewhere, **[1] STEVEN WEAVER** and **[2] JAMIE WOODS** did combine, conspire, confederate, and agree with others known and unknown to the Grand Jury, to knowingly and intentionally distribute and possess with intent to distribute 50 grams or more of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

All in violation of Title 21, United States Code, Section 846.

## COUNT TWO

THE GRAND JURY FURTHER CHARGES:

On or about July 1, 2019, in the Middle District of Tennessee, **[1] STEVEN WEAVER** and **[2] JAMIE WOODS,** aided and abetted by each other and others known and unknown to the Grand Jury, did knowingly and intentionally distribute and possess with intent to distribute 50

grams or more of methamphetamine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

## CRIMINAL FORFEITURE

1. The allegations contained in this Indictment are re-alleged and incorporated by reference as if fully set forth in support of this forfeiture.

2. Upon conviction of any the violations alleged in Counts One, Two, or Three of this Indictment, the defendants, **[1] STEVEN WEAVER** and **[2] JAMIE WOODS** shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853:

   (A) any property constituting, or derived from, any proceeds which the defendants, **[1] STEVEN WEAVER** and **[2] JAMIE WOODS** obtained directly or indirectly as a result of said violation; and

   (B) any of the defendant's, **[1] STEVEN WEAVER** and **[2] JAMIE WOODS**, property used, or intended to be used, in any manner or part to commit or to facilitate the commission of such violation.

3. The property to be forfeited includes the following:

   (A) a money judgment in an amount to be determined representing the value of the property constituting, or derived from, any proceeds which the defendants, **[1] STEVEN WEAVER** and **[2] JAMIE WOODS** obtained directly or indirectly as a result of said violation and the value of the defendants, **[1] STEVEN WEAVER** and **[2] JAMIE WOODS** property used, or intended to be used, in any manner or part to commit or to facilitate the commission of such violation.

4. If any of the forfeitable property described above, as a result of any act or omission of the defendant(s),

   (A) cannot be located upon the exercise of due diligence;

   (B) has been transferred or sold to, or deposited with, a third party;

(C) has been placed beyond the jurisdiction of the Court;

(D) has been substantially diminished in value; or

(E) has been commingled with other property that cannot be divided without difficulty;

The United States shall be entitled to forfeiture of substitute property, and it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of said defendants up to the value of said property listed above as subject to forfeiture.

A TRUE BILL



FOREPERSON

MARK H. WILDASIN
UNITED STATES ATTORNEY

AMANDA J. KLOPF
ASSISTANT UNITED STATES ATTORNEY